UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAOMI SUE WHITE EAGLE,<br><br>                Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>                Defendants. | CASE NO. 2:24-cv-01388-JCC-BAT<br><br>**ORDER DENYING MOTION FOR COUNSEL, DKT. 23** |

      Plaintiff, a prisoner at the Monroe Correctional Complex -Twin Rivers (MCC) filed a *pro se* civil rights complaint alleging her placement at MCC violates her rights as a transgender prisoner and requesting the Court order the Washington Department of Corrections to place her in an all-women's prison. Dkt. 5. Defendants oppose Plaintiff's motion on the grounds that they have not yet filed a responsive pleading, and Plaintiff's motion is therefore premature. Dkt. 27.

      The Court, having reviewed the Plaintiff's motion and the record ORDERS as follows:

      (1)    The Court **DENIES** without prejudice plaintiff's motion for counsel. Dkt. 23. A person filing a civil lawsuit generally has no right to counsel. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for an indigent civil litigant but only if "exceptional circumstances" exist. *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103

ORDER DENYING MOTION FOR COUNSEL, DKT. 23 - 1

1  (9th Cir. 2004). To determine if "exceptional circumstances" exist, the Court considers the

2  likelihood of success on the merits, and the ability of Plaintiff to articulate her claims *pro se*

3  given the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.

4  1983).

5      Plaintiff argues the Court should appoint counsel because she lacks legal expertise and

6  has mental health issues. But this rationale applies to a significant number of *pro se* prisoner

7  lawsuits and thus is not an exceptional circumstance. Plaintiff also claims her suit is meritorious,

8  but she is housed at the MCC which houses and has house numerous transgender prisoners, and

9  prisoners lack an absolute freestanding right to placement in a particular prison, such as a

10 women's prison. *See e.g., Gordon v. Inslee,* 2023 WL 2874062 (W.D. Wash. Feb. 6, 2023);

11 Report and Recommendation for dismissal adopted in *Gordon v. Inslee*, 2023 WL 2864187

12 (W.D. Wash. April 10, 2023). Further, Plaintiff has thus far been able to articulate her claims for

13 relief despite her claimed limitations.

14      (2)   The Clerk is directed to provide a copy of this Order to Plaintiff.

15      DATED this 4th day of November 2024.

        BRIAN A. TSUCHIDA
        United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL, DKT. 23 - 2