UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAOMI SUE WHITE EAGLE,<br><br>                 Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>                 Defendant. | CASE NO. 2:24-cv-01388-JCC-BAT<br><br>**ORDER DENYING MOTION TO RECONSIDER ORDER DENYING MOTION TO APPOINT COUNSEL** |

Plaintiff proceeds *pro se* and *in forma pauperis* in this 28 U.S.C. § 1983 civil rights action. On October 14, 2024, shortly after her complaint was served, Plaintiff filed a motion seeking appointment of counsel. Dkt. 23. By order dated November 4, 2024, the Court denied Plaintiff's motion without prejudice. Dkt. 28. The Court found that Plaintiff's assertions that she lacks legal expertise and has mental health issues failed to establish an exceptional circumstance, that she failed to demonstrate a likelihood of success on the merits, and that Plaintiff had thus far been able to articulate her claims for relief despite her claimed limitations. *Id.*

On November 5, 2024, Defendants filed a motion to dismiss which, in a separate report and recommendation, the Court has recommended be granted in part and denied in part. *See* Dkts. 29, 35. Plaintiff also filed an attachment to her response to Defendants' motion to dismiss entitled "motion of appeal & motion to ap[poi]nt counsel" which the Court construes as a motion

ORDER DENYING MOTION TO
RECONSIDER ORDER DENYING MOTION
TO APPOINT COUNSEL - 1

seeking reconsideration of this Court's prior order denying Plaintiff's motion to appoint counsel. Dkt. 32 at 39-44.

In her motion for reconsideration, Plaintiff asserts that she has mental health issues, a learning disability, and appears to argue she does not have a high enough IQ to litigate her case. *Id.* She claims she does not know how to use the law computers or the tablet and that she gets help from other inmates. *Id.* She claims the individuals who have helped her with her case are no longer available to help her. *Id.* Plaintiff also refers to a document titled Mental Health Evaluation for Gender Dysphoria Treatment which reflects a diagnosis of gender dysphoria a "history of psychosis and paranoia that includes mild current symptoms with good insight following discontinuation of antipsychotic medications", that she has a history of producing IQ test scores in the "borderline range", and that she displays symptoms consistent with neurodevelopmental disorder, most likely autism spectrum disorder or attentional disorder. Dkt. 32 at 26-37.

A plaintiff has no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [her] claims *pro se* in light of the complexity of the legal issues involved", to make an assessment whether exceptional circumstances show that counsel should

be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show she has an insufficient grasp of her case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of her claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which could not have been presented earlier with reasonable diligence.

Here, Plaintiff has not shown a manifest error in the Court's prior order denying her motion to appoint counsel or shown that new facts exist that make appointment of counsel appropriate.

Although Plaintiff attaches a copy of a mental health evaluation evidencing various mental health challenges, this evaluation in and of itself fails to establish an exceptional circumstance warranting appointment of counsel. This is particularly so in light of the current record which shows that Plaintiff has thus far been able to adequately articulate her claims for relief despite her claimed limitations. Although Plaintiff alleges that she has had assistance from some other inmates in researching and litigating her case, she has not shown that she is unable to adequately articulate her claims to the Court. Furthermore, although the Court has recommended that two of Plaintiff's claims should survive Defendants' motion to dismiss, at this relatively early stage of the proceedings, the Court cannot conclude Plaintiff is likely to succeed on the merits of her claims.

//

For these reasons, the motion for reconsideration (Dkt. 32 at 39-44) is denied.

DATED this 22nd day of January, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION TO
RECONSIDER ORDER DENYING MOTION
TO APPOINT COUNSEL - 4