THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAOMI SUE WHITE EAGLE, | CASE NO. C24-1388-JCC-BAT |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Naomi Sue White Eagle's objections (Dkt. No. 37) to the report and recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 35). Having thoroughly considered the R&R and the relevant record, the Court hereby OVERRULES Plaintiff's objections and ADOPTS Judge Tsuchida's R&R.

Plaintiff proceeds *pro se* and *in forma pauperis* with a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. (*See generally* Dkt. Nos. 4, 5.) She brings Fourteenth Amendment Due Process and Equal Protection claims, an Eighth Amendment claim, a claim for violation of the Americans with Disabilities Act ("ADA"), and, presumably, various state law claims.[1] (*See*

---

[1] As Judge Tsuchida observes, "aside from listing [Washington State] statutes, Plaintiff fails to explain how Defendants' actions violated her rights under these statutes." (Dkt. No. 35 at 17.) Nevertheless, the Court presumes Plaintiff is attempting to bring state law claims.

ORDER
C24-1388-JCC-BAT
PAGE - 1

1    *generally* Dkt. No. 5.) Plaintiff's claims arise out of her treatment as a transgender, male-to-

2    female prisoner in an all-male facility. (*See generally id.*) Defendants moved to dismiss for

3    failure to state a claim, (*see generally* Dkt. No. 29), and Judge Tsuchida has issued an R&R

4    disposing of the motion, (*see generally* Dkt. No. 35).

5    Judge Tsuchida recommends granting in part and denying in part Defendants' motion to

6    dismiss. (*Id.* at 1.) Specifically, Judge Tsuchida recommends the Court dismiss Plaintiff's Due

7    Process claim with prejudice because Plaintiff does not and cannot possess a liberty interest in

8    being housed in a particular prison or with specific cellmates. (*See id.* at 7–8.) Judge Tsuchida

9    further recommends the Court dismiss Plaintiff's Eighth Amendment claim without prejudice

10   because she merely alleges "speculative and generalized fears of harm," which is insufficient to

11   establish an Eighth Amendment violation. (*See id.* at 15.) However, Judge Tsuchida recommends

12   granting Plaintiff leave to amend this claim, as she could conceivably allege sufficient facts to

13   support an Eighth Amendment violation. (*Id.* at 17.) For the same reason, Judge Tsuchida

14   recommends dismissing Plaintiff's state law claims without prejudice and with leave to amend.

15   (*Id.* at 18.) Plaintiff's remaining claims for Equal Protection and ADA violations would survive

16   on Judge Tsuchida's recommendation. (*See id.* at 10, 12.) Plaintiff objects and moves to amend

17   "and OR correct error's [sic]." (Dkt. No. 37 at 1.) Defendants ask the Court to overrule

18   Plaintiff's objections. (Dkt. No. 38 at 2.)

19   A district court must conduct a *de novo* review of those portions of a magistrate judge's

20   R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party

21   properly objects when they file "specific written objections" to the R&R. Fed. R. Civ. P.

22   72(b)(2). In contrast, general objections or summaries of arguments previously presented have

23   the same effect as no objection at all since they do not focus the Court's attention on any specific

24   issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.

25   1991); *see also Garvey v. Uttecht*, 2020 WL 5946157, slip op. at 1 (W.D. Wash. 2020).

26   As a threshold matter, the Court notes that it cannot distinguish which portions of

Plaintiff's filing (Dkt. No. 37) are meant to serve as her objections as opposed to her proposed

amended complaint. The Court therefore construes her filing as purely raising objections. And Plaintiff's objections largely rehash the same arguments that are in her complaint—namely, that the Defendants continue to house her in an all-male prison when she is a female prisoner and that such treatment is generally unlawful. (*Compare* Dkt. No. 37 at 1–9, *with* Dkt. No. 5 at 14–18.) Plaintiff's restatement of her previous arguments is insufficient to constitute a proper objection, and the Court need not consider it. *See Howard*, 932 F.2d at 509; *see also Garvey*, 2020 WL 5946157, slip op. at 1.

Plaintiff does, however, raise a somewhat specific and responsive objection to Judge Tsuchida's recommendation for dismissal of her Due Process claim. Plaintiff concedes that, in theory, Judge Tsuchida would be correct that she does not have a liberty interest in being housed in a particular institution if she were "still transgender." (Dkt. No. 37 at 7.) However, Plaintiff argues that she is no longer "a transgender" because she has undergone gender-affirming vaginoplasty surgery; as such, "the transition has been compleated [sic]," Plaintiff is "now a female," and it is unlawful to house a woman in an all-male facility (*Id.*) Plaintiff appears to insinuate that those who have undergone gender-affirming care possess a liberty interest to be housed in their preferred facility, whereas those who have yet to undergo gender-affirming care do not possess this liberty interest. But Due Process creates no such distinction for sex, gender, timing of gender-affirming care, or otherwise; it holds only that a prisoner has no constitutional right to incarceration at a prison of their choice. *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)). To that end, Plaintiff's objection still fails to meaningfully rebut Judge Tsuchida's recommended dismissal of Plaintiff's Due Process claim.[2]

---

[2] Moreover, to the extent Plaintiff asserts that it is unlawful to house a male-to-female prisoner at an all-male facility because other women are typically housed at all-female facilities, the Court observes that this claim is better suited as an Equal Protection one. And indeed, Judge Tsuchida has already recommended allowing Plaintiff's Equal Protection claim to proceed precisely because Plaintiff has sufficiently alleged that she identifies as a woman and that "she has been denied the opportunity to be housed at a women's prison even though other prisoners who identify as women are housed at women's prisons." (Dkt. No. 35 at 9.)

ORDER
C24-1388-JCC-BAT
PAGE - 3

The Court therefore OVERRULES Plaintiff's objections (Dkt. No. 37), ADOPTS the R&R (Dkt. No. 35), and ORDERS as follows:

1. Defendants' motion to dismiss (Dkt. No. 29) is GRANTED with respect to Plaintiff's Fourteenth Amendment Due Process claim and Eighth Amendment claim. Plaintiff's Due Process claim is DISMISSED with prejudice. Plaintiff's Eighth Amendment claim is DISMISSED without prejudice and with leave to amend within fourteen (14) days of this order.

2. Defendants' motion to dismiss (Dkt. No. 29) is DENIED with respect to Plaintiff's Equal Protection claim and her ADA claim.

3. Plaintiff's state law claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and with leave to amend within fourteen (14) days of this order.

4. Plaintiff is advised that if she files an amended complaint, she must write a short, plain statement telling the Court: (1) the constitutional or statutory right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

   a. Each claim for relief must be simple, concise, and direct. The amended complaint must be legibly rewritten or retyped in its entirety and contain the same case number. It may not incorporate any part of the original complaint by reference.

5. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. Any fact or cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

6. This matter is referred back to Judge Tsuchida for further proceedings.

7.  The Clerk is directed to send copies of this Order to the parties and to Judge Tsuchida.

DATED this 28th day of February 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE