DISTRICT JUDGE JOHN C. COUGHENOUR
MAGISTRATE JUDGE BRIAN A TSUCHIDA

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| NAOMI SUE WHITE EAGLE,<br><br>                        Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>                        Defendants. | NO. 2:24-cv-01388-JCC-BAT<br><br>ANSWER TO AMENDED COMPLAINT AND JURY DEMAND |

The Defendants, GARY BOLTON (Gary Bohon), KEVEN C BROWN (Kevin Browne), ADALID CARDENAS, MATTHEW COSSETTE, R FALL (Richard Fall), D FEIST (Donald Feist), S. GARNER (Scott Garner), S HANSON (Shelly Hanson), T MORRISEY (Tatianna Morrisey), J REYNOLDS (Alexandra Reynolds), and L ROBERTS (Lonnie Roberts), respectfully Answer Plaintiff Naomi Sue White Eagle's Amended Complaint (Dkt. 40).

Under Federal Civil Rule 8(b), Defendants generally deny each allegation of fact in the Plaintiff's Amended Complaint unless the allegation of fact is expressly admitted. Defendants will not respond to legal arguments contained in the Plaintiff's Amended Complaint and will deny them if it is unclear if the Plaintiff is asserting a factual or legal claim.

ANSWER TO AMENDED COMPLAINT AND JURY DEMAND
No. 2:24-cv-01388-JCC-BAT

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

**"A Equal Protection Claim"**[1]

Generally deny the introductory paragraph spanning pages 1-2, which does not appear to contain any factual allegations to which a response is required.

## JURISDICTION

This paragraph contains a legal conclusion to which no response is required.

## "PLAINTIFF"

Admit.

## "DEFFENDANTS & JOB TITTLES"

1. Deny Sheryl (Cheryl) Strange is head of the Washington State Department of Corrections. Admit Cheryl Strange was formerly the Secretary of the Washington State Department of Corrections.

2. Deny Gary Bolton (Bohon) is head of Washington State Department of Corrections Classification Board. Admit Gary Bohon is the Classification and Case Management Administrator for Washington State Department of Corrections.

3. Deny Keven Brown (Kevin Browne) is the supervisor of Monroe Washington Prison at T.R.U. B-Unit. Admit Kevin Browne is a Correctional Unit Supervisor at Monroe Correctional Complex (MCC) Twin Rivers Unit (TRU) B-Unit.

4. Admit Adalid Cardenas is a Classification Counselor at MCC TRU for B-Unit.

5. Admit Matthew Cossette is a Corrections Specialist 4 (CS4).

6. Admit T. (Tatianna) Morrisey is a Secretary Senior (SS). Admit Shelly Hanson is SOTAP Operations Manager.

7. Admit S. (Scott) Garner is an Investigator 3 (INV3).

8. Admit D. Festadmin (Donald Feist) is Administrator for Cognitive Behavioral Change (CBC).

9. Admit R. (Richard) Fall is a Corrections Specialist 4 (CS4).

---

[1] For clarity and ease of navigation, Defendants will use Plaintiff's headings verbatim.

ANSWER TO AMENDED COMPLAINT AND JURY DEMAND
No. 2:24-cv-01388-JCC-BAT

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1   10. Admit L. (Lonnie) Roberts is a Correctional Program Manager (CPM).

2   11. This paragraph does not contain any factual allegations to which a response is required.

**"EIGHTH AMENDMENT"**

1. Deny Sheryl (Cheryl) Strange is head of all Washington State Department of Corrections. Admit Cheryl Strange was formerly the Secretary of the Washington State Department of Corrections. Deny she signed off on keeping plaintiff housed at an all-male prison. Generally deny the remainder of this paragraph.

2. Deny Gary Bolton (Bohon) is head of Washington State Department of Corrections Classification Board. Admit Gary Bohon is Classification and Case Management Administrator for Washington State Department of Corrections. Deny he signed a vote of keeping plaintiff housed at MCC TRU on August 5, 2024. Generally deny the remainder of this paragraph.

3. Admit Keven Brown (Kevin Browne) is and was a Correctional Unit Supervisor at Monroe Correctional Complex (MCC) Twin Rivers Unit (TRU) B-Unit. Deny he gave Plaintiff his word she would be transferred to Washington Corrections Center for Women (WCCW) or a female prison. Admit this transfer did not take place. Admit Plaintiff filed a grievance (resolution request) about her desired transfer to WCCW. Plaintiff's attachments speak for themselves.

Admit Kevin Browne was part of the Headquarters Community Screening Committee (HCSC) that met on August 1, 2024, to discuss Plaintiff's possible transfer to the Washington State Reformatory Unit (WSRU) at MCC. Admit the HCSC decided to retain Plaintiff at MCC TRU instead of transferring her to WSRU. Deny the meeting was on August 5, 2024. Admit Kevin Browne was part of Plaintiff's Facility Risk Management Team (FRMT). Deny the FRMT meeting was on August 5, 2024, or decided Plaintiff's housing placement. Deny Kevin Browne told Plaintiff she would soon be transferred to a female prison. Admit Kevin Browne

ANSWER TO AMENDED COMPLAINT AND JURY DEMAND
No. 2:24-cv-01388-JCC-BAT

3

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

told Plaintiff she was denied in part because she had an attempted rape charge in Idaho. Deny Kevin Browne told Plaintiff she was denied because she refused to do sex offender treatment. Admit Plaintiff has not been convicted of a sex crime and is not court-ordered to do sex offender treatment. Generally deny the remainder of this paragraph.

4. Admit Addalid (Adalid) Cardenas was working on Plaintiff's classification and attended the FRMT meeting. Deny the meeting was on August 5, 2024. Deny Adalid Cardenas was part of the decision to keep Plaintiff housed at MCC TRU. Admit Plaintiff had vaginoplasty surgery on May 23, 2024. Generally deny the remainder of this paragraph.

5. Admit Mathhew (Matthew) Cossette was part of the HCSC that decided to retain Plaintiff's housing at MCC TRU on August 1, 2024. Deny the meeting was on August 5, 2024. Generally deny the remainder of this paragraph.

6. Admit T. Morrsey (Tatianna Morrisey) was part of the HCSC that decided to retain Plaintiff's housing at MCC TRU on August 1, 2024. Deny the meeting was on August 5, 2024. Generally deny the remainder of this paragraph.

7. Deny S. (Scott) Garner was part of Plaintiff's FRMT. Admit he was part of the HCSC that decided to retain Plaintiff's housing at MCC TRU on August 1, 2024. Deny the meeting was on August 5, 2024. Generally deny the remainder of this paragraph.

8. Deny D. Festadmin (Donald Feist) was part of Plaintiff's FRMT. Admit he was part of the HCSC that decided to retain Plaintiff's housing at MCC TRU on August 1, 2024. Deny the meeting was on August 5, 2024. Generally deny the remainder of this paragraph.

9. Deny R. Falls (Richard Fall) was part of Plaintiff's FRMT. Admit he was part of the HCSC that decided to retain Plaintiff's housing at MCC TRU on August 1, 2024. Deny the meeting was on August 5, 2024. Generally deny the remainder of this paragraph.

10. Deny L. (Lonnie) Roberts was part of Plaintiff's FRMT. Admit he was part of the HCSC that decided to retain Plaintiff's housing at MCC TRU on August 1, 2024. Deny the meeting was on August 5, 2024. Generally deny the remainder of this paragraph.

ANSWER TO AMENDED COMPLAINT AND JURY DEMAND
No. 2:24-cv-01388-JCC-BAT

4

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

11. Admit J. (Alexandra) Reynolds is a Classification Counselor at MCC TRU for B-Unit. Admit she was Plaintiff's assigned classification counselor. Admit she attended Plaintiff's FRMT meeting. Deny the meeting was on August 5, 2024. Deny she was part of the decision to keep Plaintiff housed at MCC TRU. Deny she told Plaintiff her housing placement at MCC TRU was because Plaintiff would not participate in sex offender treatment. Admit she told Plaintiff her custody level was due to Plaintiff's need to participate in sex offender treatment based on prior charges of attempted rape. Deny plaintiff is not a sex offender. Admit Plaintiff is not court ordered to do SOTAP (Sex Offense Treatment and Assessment Program). Generally deny the remainder of this paragraph.

## "EQUAL PROTECTION"

1. Deny Sheryl (Cheryl) Strange is head over all Washington State Department of Corrections. Admit Cheryl Strange was formerly the Secretary of the Washington State Department of Corrections. Deny she signed off on keeping plaintiff housed at MCC TRU. Admit sex offender treatment is offered at MCC TRU. Generally deny the remainder of this paragraph.

2. Deny Gary Bolton (Bohon) is head of Washington State Department of Corrections Classification Board. Admit Gary Bohon is Classification and Case Management Administrator for Washington State Department of Corrections. Deny he signed a vote keeping plaintiff housed at MCC TRU on August 5, 2024. Generally deny the remainder of this paragraph.

3. Admit Keven Brown (Kevin Browne) was a Correctional Unit Supervisor at Monroe Correctional Complex (MCC) Twin Rivers Unit (TRU) B-Unit on August 5, 2024. Admit he has met with Plaintiff and discussed her housing assignment. Deny he has disregarded her reported safety concerns. Generally deny the remainder of this paragraph.

4. Admit Adalid Cardenas is a Classification Counselor. Deny he was not at Plaintiff's FRMT meeting. Deny he voted to keep Plaintiff housed at MCC TRU. Deny he

ANSWER TO AMENDED COMPLAINT AND JURY DEMAND
No. 2:24-cv-01388-JCC-BAT

5

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

assured Plaintiff she would be transferred to WCCW. Generally deny the remainder of this paragraph.

5. Admit Mathhew (Matthew) Cossette was part of the HCSC that decided to retain Plaintiff's housing at MCC TRU on August 1, 2024. Deny the meeting was on August 5, 2024. Deny he attended Plaintiff's FRMT meeting. Generally deny the remainder of this paragraph.

6. Admit T. (Tatianna) Morrisey was part of the HCSC that decided to retain Plaintiff's housing at MCC TRU on August 1, 2024. Deny the meeting was on August 5, 2024. Deny she attended Plaintiff's FRMT meeting. Generally deny the remainder of this paragraph.

7. Admit S. (Scott) Garner was part of the HCSC that decided to retain Plaintiff's housing at MCC TRU on August 1, 2024. Deny the meeting was on August 5, 2024. Deny he attended Plaintiff's FRMT meeting. Admit Plaintiff's Attachment 2 contains information about both the FRMT meeting and the HCSC meeting. Generally deny the remainder of this paragraph.

8. Admit D. Festadmin (Donald Feist) was part of the HCSC that decided to retain Plaintiff's housing at MCC TRU on August 1, 2024. Deny the meeting was on August 5, 2024. Deny he attended Plaintiff's FRMT meeting. Generally deny the remainder of this paragraph.

9. Admit R. (Richard) Fall was part of the HCSC that decided to retain Plaintiff's housing at MCC TRU on August 1, 2024. Deny the meeting was on August 5, 2024. Deny he attended Plaintiff's FRMT meeting. Generally deny the remainder of this paragraph.

10. Admit L. (Lonnie) Roberts was part of the HCSC that decided to retain Plaintiff's housing at MCC TRU on August 1, 2024. Deny the meeting was on August 5, 2024. Deny he attended Plaintiff's FRMT meeting. Admit Plaintiff's Attachment 2 contains information about both the FRMT meeting and the HCSC meeting. Generally deny the remainder of this paragraph.

///

ANSWER TO AMENDED COMPLAINT AND JURY DEMAND
No. 2:24-cv-01388-JCC-BAT

6

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

11. Admit J. (Alexandra) Reynolds is aware Plaintiff had sexual reassignment vaginoplasty surgery on May 23, 2024. Deny she voted at a FRMT hearing on August 5, 2024, to keep Plaintiff housed at MCC TRU. Plaintiff's attachment speaks for itself. Generally deny the remainder of this paragraph.

### ADULTS WITH DISABILITY ACT, A.D.A VIOLATIONS

1. Plaintiff's attached psychological report speaks for itself. Defendants are without knowledge of the remainder of the allegations in this paragraph and as such deny the same.

2. Defendants are without knowledge of the allegations in this first paragraph and as such deny the same.

Admit Plaintiff is housed at MCC TRU in part due to her history of violence toward others. Deny she is not violent anymore. Admit Plaintiff has filed grievances (resolution requests) about her housing. Plaintiff's attachments speak for themselves. Deny Plaintiff exhausted her administrative remedies. Generally deny the remainder of this second paragraph spanning pages 23-24.

### RELIEF

Deny Plaintiff is entitled to any of the relief she requests in this section of the Amended Complaint.

### I.    AFFIRMATIVE DEFENSES

Having answered the allegations of Plaintiff's Amended Complaint, and by way of further answer and affirmative defense, Defendants affirmatively allege:

1. Plaintiff failed to exhaust her administrative remedies for all claims raised in her Amended Complaint.

2. Plaintiff has failed to state a claim upon which relief can be granted, because she has not alleged facts that rise to the level of a civil rights violation under 42 U.S.C. § 1983.

///

ANSWER TO AMENDED COMPLAINT AND JURY DEMAND
No. 2:24-cv-01388-JCC-BAT

7

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

3. All acts allegedly done by the Defendants with respect to Plaintiff were done in the reasonable belief that they were in accordance with the Federal Constitution, and the laws of the state of Washington and the United States. Defendants also acted pursuant to published policies and field instructions, which they could have reasonably believed were constitutional. Defendants are entitled to qualified immunity from damages.

4. Defendants reserve the right to allege additional affirmative defenses after the completion of discovery.

## II. JURY DEMAND

Should this matter proceed to trial, Defendants demand that a jury determine all issues of fact.

RESPECTFULLY SUBMITTED this 25th day of March, 2025.

NICHOLAS W. BROWN
Attorney General

s/ Katrina Manis
KATRINA MANIS, WSBA #58249
Assistant Attorney General
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123
Katrina.Manis@atg.wa.gov

ANSWER TO AMENDED COMPLAINT AND JURY DEMAND
No. 2:24-cv-01388-JCC-BAT

8

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123